UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY CANNON                                              CIVIL ACTION

VERSUS

NATHAN CAIN, ET AL.                                        NO. 15-120-JJB-RLB

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 23, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNNY CANNON**                                                      **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, ET AL.**                                           **NO. 15-120-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The State has filed an opposition to the petitioner's application, and the petitioner has filed a response.  See R. Docs. 8-10.  Also before the Court is a "Motion for Show Cause Order" filed by petitioner (R. Doc. 11).  The motion primarily addresses certain arguments made by the defense in opposition to petitioner's application.

There is no need for oral argument or for an evidentiary hearing.

On or about February 26, 2015, the *pro se* petitioner, an inmate confined at the Avoyelles Correctional Center, Cottonport, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 1994 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two counts of attempted second degree murder.

### Procedural History

On September 2, 1994, the petitioner was found guilty of two counts of attempted second degree murder, and on November 21, 1994 was sentenced to twenty-five (25) years confinement on each count, to run consecutively to each other.  The petitioner thereafter filed an appeal, and on May 10, 1996 his conviction and sentence were affirmed by the Louisiana First Circuit Court of

Appeal.  *See State v. Cannon,* 95-0503 (La. App. 1 Cir. 5/10/96), 673 So.2d 732.  The petitioner did not file an application for supervisory writs with the Louisiana Supreme Court.

On or about May 21, 1999, the petitioner filed his first application for post-conviction relief ("PCR"), asserting a claim of ineffective assistance of appellate counsel, which was denied by the trial court on February 28, 2000.  The petitioner's writ applications seeking review were denied by the appellate court and by the Louisiana Supreme Court, with the latter denying writs on April 21, 2001.  The petitioner then filed a motion to amend or modify sentence on November 13, 2001, which was denied by the trial court on November 29, 2001.

On August 18, 2005, the petitioner field his second application for post-conviction relief wherein he asserted claims of double jeopardy and ineffective assistance of counsel.  The application was denied by the trial court on February 13, 2006 as untimely and successive.  The petitioner's writ application to the intermediate appellate court seeking review was denied on October 18, 2006.  The petitioner did not seek further review with the Louisiana Supreme Court.

The petitioner filed his third application for post-conviction relief on May 15, 2013.  Therein the petitioner asserted claims of vindictive prosecution, ineffective assistance of counsel, and that his sentences should have been concurrent rather than consecutive.  The trial court denied the application as procedurally barred on October 18, 2013.  Thereafter, the petitioner's applications for review were denied by the appellate court and the Louisiana Supreme Court on March 24, 2015 and January 16, 2015, respectively.  On or about February 26, 2015, the petitioner filed the present application.

## Applicable Law and Analysis

Based upon the foregoing, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely.  In this regard, pursuant to 28 U.S.C. § 2244(d), there

is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on June 9, 1996, thirty (30) days after the May 10, 1996 decision of the Louisiana First Circuit Court of Appeal on direct appeal. Specifically, the conviction became final when the petitioner failed to timely seek further review by filing an application for supervisory review in the Louisiana Supreme Court within thirty days. *See* Louisiana Supreme Court Rule X, § 5(a). Accordingly, inasmuch as the petitioner's direct appeal proceedings were concluded on June 9, 1996, the one-year limitations period for filing a federal habeas corpus application began to run on that date. Nearly three years

(1,076 days) passed between the time the petitioner's conviction became final and the filing of the petitioners' first PCR application in the state trial court. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal

habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D.Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. The petitioner waited approximately 1,076 days to file his first application for post-conviction relief. Then, over four years elapsed between the denial of writs by the Louisiana Supreme Court regarding the petitioner's first PCR application and the filing of the petitioner's second PCR application. Thereafter over six years elapsed between the conclusion of the proceedings related to the petitioner's second application for post-conviction relief and the filing of his third application for post-conviction relief. Such extended periods of inactivity cannot be considered reasonable diligence. Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

Finally, the petitioner seeks to avoid the effect of untimeliness by asserting his actual innocence. A claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

at 1928, *citing Schhip v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted).  To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.  *Schhip v. Delo, supra,* 513 U.S. at 324.

In the instant proceeding, the petitioner points to no "new evidence" to assert his actual innocence.  Rather, the petitioner relies on the state trial court record to assert, "The records will clearly show Johnny Cannon committed no charge…Johnny Cannon is a victim of 'Vindictive Prosecution.'"  *See* R. Doc. 1-1, p. 4.  The petitioner has failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar.  Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant

case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied. It is further recommended that the pending "Motion for Show Cause Order" (R. Doc. 11) be denied as moot.

Signed in Baton Rouge, Louisiana, on May 23, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**